ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
DEBRA A. SMITH, SBN 147863 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave, 5th Fl. West
San Francisco, CA  94102
Telephone No. (415) 522-3034
Fax No. (415) 522-3425
Debra.Smith@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT** |
| vs. | **JURY TRIAL DEMAND** |
| TARGET CORPORATION, | |
| Defendant. | |

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (ADA), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to John Hayes who was adversely affected by such practices.  As alleged with greater particularity in the Statement of Claims below, Defendant, Target Corporation violated the ADA by subjecting Hayes, a deaf applicant, to disability discrimination when it failed to interview and hire him.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with

Disabilities Act of 1990 (ADA), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. Venue is proper in the United States District Court for the Northern District of California, Oakland Division, because the employment practices occurred in Antioch, California.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the EEOC or Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a) (incorporating by reference, 42 U.S.C. §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3)).

4. At all relevant times, Target Corporation (Defendant) has been an upscale discount retailer operating a store in Antioch, California.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, John Hayes filed a charge of discrimination with the Commission alleging that Defendant discriminated against him in violation of the ADA.

8. By letter dated May 11, 2018, the Commission issued to Defendant a Determination finding reasonable cause to believe that Defendant violated the ADA and invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The EEOC communicated with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the EEOC's Letter of Determination.

10. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. By letter dated August 21, 2018, the EEOC issued to Defendant notice that efforts to conciliate were unsuccessful and that further conciliation efforts would be futile or non-productive.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

13. Charging Party John Hayes (Hayes) is Deaf. He is substantially limited in the major life activities of hearing and communicating with others.

14. In September 2014, Defendant advertised openings for Guest Services Team Member (GSTM) positions.

15. Hayes applied online for a Front End/Service Desk position on September 26, 2014.

16. Defendant reviewed Hayes' application, determined that he met the minimum qualifications for the job, and marked him eligible for an interview.

17. On October 12, 2014, Hayes missed a call on his Video Relay Service (VRS). The caller left no message. Hayes looked up the number and learned it belonged to Defendant's Antioch store. Hayes returned the call and spoke to a Human Resources (HR) representative using the VRS. The HR representative asked Hayes about his availability and told him that Defendant would call him back to schedule an interview. Defendant did not call Hayes back that day.

18. On October 13, 2014, Hayes missed another call from Defendant on his VRS. Again, Defendant left no message. Hayes returned this call the same day and spoke to a different HR representative, who he told that he had spoken to an HR person the day before. In response, the HR representative told Hayes that her call to him was a mistake since Defendant had already called him the day before.

19. Defendant never called Hayes to schedule an interview.

20. On October 16, 2014, Defendant rejected Hayes' application via email.

21. Defendant hired seven non-disabled applicants for GSTM positions in the Antioch store between October 23 and October 31, 2014. Five of the seven applicants applied after Hayes.

22. In practice, Defendant's HR representatives for the Antioch store leave voice mail

1   and/or email messages for applicants who do not answer their phone when they call prospective
2   applicants and give the applicant time to call back before withdrawing their application.
3       23.   Defendant's HR representatives are authorized to schedule interviews immediately
4   when a candidate returns a phone call.
5       24.   Defendant's HR representatives did not follow their usual practices when they
6   rejected Hayes' application.

## DISCRIMINATION BASED ON DISABILITY

8       25.   Hayes is disabled within the meaning of the ADAAA.  His physical impairment—
9   deafness—is expressly identified as a disability in the ADAAA regulations.  29 C.F.R.
10  §1630(2)(j)(3)(iii).
11      26.   Defendant knew about Hayes' disability because the VRS was activated when two
12  calls were placed to him from Target and one of its HR representatives spoke to Hayes using VRS
13  when she returned his calls.
14      27.   Hayes is a qualified individual who could perform the essential functions of the
15  GSTM job with or without a reasonable accommodation.
16      28.   Defendant failed to hire Hayes because of his disability in violation of 42 U.S.C. §§
17  12112(a) and 12112(b).
18      29.   The effect of the practices complained of in paragraphs 13 through 24 above has been
19  to deprive John Hayes of equal employment opportunities and otherwise adversely affect his status
20  as an applicant because of his disability.
21      30.   The unlawful employment practices complained of in paragraphs 13 through 24
22  above were intentional.
23      31.   The unlawful employment practices complained of in paragraphs 13 through 24
24  above were committed with malice or with reckless indifference to the federally protected rights of
25  John Hayes.

## PRAYER FOR RELIEF

27  Wherefore, the Commission respectfully requests that this Court:
28      A.   Grant a permanent injunction enjoining Defendant Target Corporation, its officers,

servants, employees, attorneys, all persons in active concert or participation with it, and successors, from engaging in any employment practice that discriminates based on disability.

    B.    Order Defendant Target Corporation to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant Target Corporation to make whole John Hayes by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay.

    D.    Order Defendant Target Corporation to make whole John Hayes by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 25 through 31 above, including job search and related expenses, in amounts to be determined at trial.

    E.    Order Defendant Target Corporation to make whole John Hayes by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 25 through 31 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant Target Corporation to pay punitive damages for its malicious and reckless conduct, as described in paragraphs 25 through 31 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs in this action.

///
///
///

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Dated: September 20, 2018

        James L. Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel


        /s/ *Roberta L. Steele*
        Regional Attorney


        /s/ *Marcia L. Mitchell*
        Supervisory Trial Attorney


        /s/ *Debra A. Smith*
        Senior Trial Attorney

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        San Francisco District Office